```
                IN THE UNITED STATES MAGISTRATE COURT
                     WESTERN DISTRICT OF TEXAS
                          EL PASO DIVISION


UNITED STATES OF AMERICA       )
                               )
v                              )   No. EP:17-MJ-04462(1)MAT
                               )
NATIVIDAD ZAVALA ZAVALA        )


                       INITIAL APPEARANCE
               BEFORE THE HONORABLE MIGUEL A. TORRES
                   UNITED STATES MAGISTRATE JUDGE
                          OCTOBER 24, 2017


APPEARANCES:

*****NONE ANNOUNCED*****









Interpreter:           Provided




Proceedings recorded by electronic recording.

Transcript produced by Rhonda McCay, CSR, RPR.
```

 1            (Proceedings called to order)
 2            THE COURT:  All right.  Agents, please, raise
 3  your right hand.
 4            (Agents sworn)
 5            THE COURT:  All right.  Have a seat, please.
 6            Okay.  If any of you using the headsets have
 7  any trouble with the headsets, please get my attention
 8  or the interpreter's attention immediately so that we
 9  can take care of that problem, please.
10            All right.  I'm Judge Torres.  We're here to
11  conduct your initial appearance.
12            At this hearing, I will advise you of the
13  charges that you face, of the possible maximum sentence
14  that you face.  I'm required to tell you what the
15  possible maximum sentence is.  I will give you
16  information regarding your attorney, the time and date
17  of your next hearing.  I'll discuss your situation
18  regarding bond.  I will also advise you of your
19  rights.
20            Now, in some cases, I will set bond.  In other
21  cases, I cannot set bond because the government has
22  filed a motion to have you detained pending trial.  In
23  those cases, what I will do is set your very next
24  hearing to include a detention hearing at which you have
25  the right to take up any bond matters with this Court.

1        Let me advise you of some important rights at
2   this time.  First, you do have the right to remain
3   silent.  You don't have to answer any questions about
4   your case.  Anything that you say can be used against
5   you in court.
6        Let me see.  Well, let me just ask the folks on
7   this side of the room.  Do you understand your right to
8   remain silent?
9        (All respond "Yes")
10       THE COURT:  I need to hear you.  (Spanish).
11       Starting with those of you sitting against the
12  wall over here, do you understand your right to remain
13  silent?
14       (All respond "Yes")
15       THE COURT:  In the back row, those of you being
16  assisted by the interpreter, do you understand your
17  right to remain silent?
18       (All respond "Yes")
19       (Proceedings continued but are not made a part
20  of this record)
21       THE COURT:  Now, you have the right to a
22  lawyer.  You can hire the attorney of your choice or I
23  will appoint an attorney for you if you cannot afford
24  one.
25       Starting with those of you that are sitting

```
 1  against the wall over here, do you understand that you
 2  have the right to have an attorney represent you on
 3  these criminal charges?
 4          (All respond "Yes")
 5          THE COURT:  In the back row, the two
 6  Spanish-speakers -- actually, the three
 7  Spanish-speakers -- I'm sorry.  I missed you, sir -- do
 8  you understand that you have the right to have an
 9  attorney represent you?
10          (All respond "Yes")
11          THE COURT:  And how about the five
12  English-speakers in the back row, do you understand that
13  you have the right to have a lawyer represent you on
14  these charges?
15          (All respond "Yes")
16          THE COURT:  All right.  And that's a "yes" from
17  all five.
18          Now, if you don't have the money to hire a
19  lawyer, I will appoint a lawyer for you.  Is there
20  anybody here who has already hired an attorney?
21          (No response)
22          THE COURT:  Anybody?
23          Okay.  Then I will be appointing a lawyer for
24  all of you who cannot afford one.
25          I need to advise you of one additional right.
```

```
 1  This right applies to those of you that are not citizens
 2  of the United States.  If you are not a citizen of the
 3  United States, you have the right to have -- you have
 4  the right to have the consulate of your home country
 5  notified that you've been arrested or detained.
 6          All right.  The consulate, as you probably
 7  know, is your home country's representative here in the
 8  United States, okay?  And they may have consulates
 9  throughout the United States in different cities or
10  maybe just one or two.
11          In any case, you can make sure that your
12  consulate is informed that you've been arrested if you
13  wish to do so.  You can do this by letting a federal law
14  enforcement officer know that you've been arrested.  And
15  I'm talking about a United States federal law
16  enforcement officer.  Or a lawyer for the government of
17  the United States that you might see here in the
18  courtroom or something, you can let them know to notify
19  the consulate of your home country that you've been
20  detained, if you wish to do so.
21          Do -- starting with those of you sitting
22  against the wall here to my left, do you understand
23  these consular rights that I've just explained?
24          (All respond "Yes")
25          THE COURT:  Okay.  And the three gentlemen in
```

```
 1  the back row being assisted by the interpreter, do you
 2  understand these consular rights?
 3          (All respond "Yes")
 4          THE COURT:  And the five English-speakers in
 5  the back row, do you understand these consular rights?
 6          (All respond "Yes")
 7          THE COURT:  Okay.  And that's a "yes" from all
 8  five.
 9          Okay.  Now, some of you will also have the
10  right to a preliminary hearing to determine if the
11  government has enough evidence to hold you to answer to
12  the charges it is making against you.  I'm going to call
13  on you individually and in groups.
14          Please stand up and say "Present" when I call
15  your name and remain standing until I tell you
16  otherwise.
17          (Proceedings continued but are not made a part
18  of this record)
19          THE COURT:  Natividad Zavala Zavala?
20          THE DEFENDANT:  Present.
21          (Proceedings continued but are not made a part
22  of this record)
23          THE COURT:  Okay.  Each one of you has the same
24  charge.  You're each charged with a misdemeanor offense
25  of illegal entry into the United States.  This
```

1 misdemeanor charge carries a possible sentence of
2 anywhere from no time in jail up to a possible maximum
3 of six months in jail, a fine of from zero up to $5,000
4 and a $10 special assessment.
5       In each one of your cases, I'm setting bond at
6 $5,000 cash or corporate surety.
7       Now, if any of you have any intention of paying
8 your bond or having your family pay a bond, I would
9 strongly recommend that you speak to your lawyer first
10 before you do so.  Your lawyer may make you aware of
11 some facts that could impact your decision as to whether
12 you make that financial commitment or not.
13       Now, let's see here.  Let me ask you, those of
14 you that are standing, do any of you own or rent -- do
15 any of you own your own homes or any homes or land?
16       (Proceedings continued but are not made a part
17 of this  record)
18       THE COURT:  Now, let me ask, again, those of
19 you that are standing, do any of have over $500 in any
20 bank account that you have access to or in your jail
21 commissary?  Anybody?
22       (No response)
23       THE COURT:  And there's no affirmative answers
24 to that, for the record.
25       So based on this information, I do qualify you

1  for an appointed lawyer.
2           (Proceedings continued but are not made a part
3  of this record)
4           THE COURT:  For the rest of you, I've appointed
5  attorney -- and that's for Ms. Zavala -- for Natividad
6  Zavala Zavala and for Antonio Cruz Silvano, I've
7  appointed attorney Angelina Lugo to represent you.
8  Ms. Lugo is an attorney in private practice and she's a
9  Spanish-speaker.  Also, she'll be by to see you prior to
10 your next court hearing.
11          Your case is set November 2nd at 10:00 in the
12 morning.  That's Ms. Zavala and Mr. Cruz Silvano.
13          Now, let me tell you all briefly about this
14 next court hearing.  At this next court hearing a number
15 of things can happen.  And it's basically your decision
16 as to what happens.  You can ask for more time.  If you
17 need more time to prepare for your case, I will consider
18 that request.
19          If you want a trial, that is, a proceeding in
20 which you would be contesting your charges, you can make
21 that request, and I would set you for trial probably
22 within two weeks, maybe three weeks at the most, and you
23 could prepare with your attorney and prepare for your
24 defense.
25          Finally, your third choice is to plead guilty

1  and to be sentenced on that very day if that's what you
2  want to do.
3  　　　　　Now, your attorney will give you advice as to
4  how he or she thinks you should proceed, and you can
5  make up your own minds after that.  You can decide what
6  you want to do, but I just wanted to give you an idea of
7  what to expect at this court hearing next week.
8  　　　　　Now, have each of you understood everything
9  that I've just discussed?
10 　　　　　(All respond "Yes")
11 　　　　　THE COURT:  Let me just tell you briefly --
12 this is applies to those of you that are standing as
13 well everybody -- every defendant in the room, with the
14 exception of Ms. Ruiz and Mr. Mendez Mendoza, you are
15 charged by a document called a complaint, okay?
16 　　　　　A criminal complaint says specifically what law
17 you are alleged to have violated.  It tells us the date
18 and the time of this alleged violation.  And it is --
19 there's an affidavit, a sworn statement of facts, made
20 by one of the agents involved in your arrest that
21 basically makes the factual allegations in support of
22 this charge against you.
23 　　　　　Obviously, you have a right to contest this if
24 you wish.  But I wanted to let you know and I'm required
25 to let you know the nature of the charging document

against you.

All right.  And those of you that are standing, you can have a seat, please.

(Proceedings continued but are not made a part of this record)

THE COURT:  All of you will be meeting with your attorney in the very near future.  Your attorney will discuss in detail everything that we've talked about today.

In a few minutes, you're going to receive written notice that your case has been set for the next court hearing, and this written notice will contain the name and the contact information for your attorney.

Let me ask you, those of you that are actually sitting against the wall over here that have the charges of illegal entry, is there anybody in this group right here that was accompanied by a minor child or a minor sibling?

(Proceedings continued but are not made a part of this record)

THE COURT:  And Ms. Zavala?

THE DEFENDANT:  I had a boy with me whose mother is over here.  He's seven years old.

THE COURT:  And you're the grandmother?

THE DEFENDANT:  Yes.  The mother is here in New

York, and I have raised him since -- for these past six years.

THE COURT: All right. At the time that you were separated, were you given any information about how to find out the whereabouts or the well-being of your grandchild?

THE DEFENDANT: They told me to say goodbye to your grandson because it's going to be days that you won't see him.

THE COURT: All right. And were you given any information to contact -- to contact anybody to find out where the grandchild might be or how the grandchild might be?

THE DEFENDANT: No, nothing. They gave me a piece of paper that I'm keeping when they arrested me and brought me over here, but I don't know what the paper says.

THE COURT: Well, that doesn't sound real helpful. So you're from Honduras?

THE DEFENDANT: From Honduras.

THE COURT: You can have a seat, ma'am.

For those of you that I just talked to about being accompanied by your children or grandchildren, make sure you discuss it with your attorney, please, and your attorney may be able to assist you in getting some

1  information about the whereabouts and well-being of your
2  children.
3         All right.  We're in recess.  You're in the
4  custody of the U.S. Marshals.
5         (Deposition concluded)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1  CERTIFICATE OF ELECTRONIC RECORDING

2

3            I, Rhonda McCay, CSR, RPR, certify that the
4  foregoing is a correct transcription from the electronic
5  recording of the proceedings in the above-entitled
6  matter.
7            I further certify that I am neither counsel
8  for, related to, nor employed by any of the parties to
9  the action in which this electronic recording was taken,
10 and further that I am not financially or otherwise
11 interested in the outcome of the action.
12           Signed this 8th day of November, 2017.

13

14

15   /s/ Rhonda McCay_____
     Rhonda McCay, RPR, CSR 4457
16   Date of Expiration:  12/31/2018
     REPORTERS INK, LLC
17   221 North Kansas, Suite 1101
     El Paso, Texas 79901
18   Ph.: 915.544.1515

19

20

21

22

23

24

25